UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUIS RODRIGUEZ | : | CIVIL ACTION NO. |
| Petitioner, | : | 3:11-CV-163 (JCH) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | JANUARY 26, 2012 |
| Respondent. | : | |
| | : | |

**RULING RE: MOTION TO VACATE SENTENCE (DOC. NO. 1) AND MOTION FOR LEAVE TO AMEND (DOC. NO. 5)**

**I.   INTRODUCTION**

Petitioner, Luis Rodriguez, moves this court to vacate his sentence under 28 U.S.C. § 2255.  Rodriguez argues that he received ineffective assistance of appellate counsel, in that his appellate counsel failed to appeal this court's denial of his Motion for a Judgment of Acquittal, pursuant to Rule 29 (hereafter "Rule 29 Motion").   In addition, Rodriguez seeks leave to amend his Petition to include the argument that he received ineffective assistance of counsel because his attorney failed, at his sentencing, to challenge the applicability of Rodriguez's prior convictions as predicate offenses to support a sentencing enhancement, in violation of United States v. Savage, 542 F.3d 959 (2d Cir. 2008).

**II.   BACKGROUND**

On January 16, 2008, a jury returned a guilty verdict against Rodriguez on one count of distributing crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and one count of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  On May 22, 2008, Rodriguez was sentenced to

1

concurrent prison terms of 262 months on each count, to be followed by six years of supervised release. On May 28, 2008, Rodriguez filed a timely notice of appeal.

On appeal, Rodriguez argued that this court erred by refusing to: (1) allow him to call co-defendant Angel Guzman as a witness after Guzman stated his intention to assert his Fifth Amendment rights; (2) compel the government to seek immunity for Guzman; and (3) provide the jury with a missing witness instruction as to a confidential informant who also asserted his Fifth Amendment privilege. On June 5, 2009, the Second Circuit rejected Rodriguez's claims, and it affirmed the court's judgment. See United States v. Guzman, et al, 332 Fed. Appx. 665, 668 (2d Cir. 2009).

On January 31, 2011, Rodriguez filed the instant Petition. On February 8, 2011, the court ordered the government to show cause why the Petition should not be granted. On May 16, 2011, after the government had responded, Rodriguez filed a Motion to Amend his Petition. See Doc. No. 5. On July 26, 2011, the court entered a Notice, informing the parties that Rodriguez's Petition appeared to be time barred, and permitting Rodriguez to amend his Petition to add factual allegations to support excusing the statute of limitations, and to submit any arguments in support of tolling the statute of limitations. See Doc. No. 6. Rodriguez responded on August 24, 2011. See Doc. No. 7. The government submitted its opposition to Rodriguez's Petition and Motion to Amend on October 26, 2011. Doc. No. 14.

### III.   DISCUSSION

#### A.   Timeliness

Prior to addressing the merits of Rodriguez's Petition, the court must determine whether the Petition is barred by the statute of limitations. Under section 2255, a

federal petition for a writ of habeas corpus is subject to a one year statute of limitations. 28 U.S.C. § 2255(f).  The statute of limitations begins running upon the occurrence of the latest of four events.  Id.  Here, the statute of limitations began to run on "the date on which the judgment of conviction [became] final." 28 U.S.C. § 2255(f)(1).  A judgment of conviction becomes final on the date the Supreme Court of the United States affirms a petitioner's conviction, denies a petition for certiorari, or when the time for filing a petition for certiorari has expired.  See Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality [of a judgment] attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").  Because Rodriguez did not seek a writ of certiorari from the United States Supreme Court, Rodriguez's conviction became final when the time for filing such a petition expired.  A petitioner may file for writ of certiorari within 90 days of the decision by the Court of Appeals.  See 28 U.S.C. § 2101(c); Sup. Ct. R. 13.3.  Rodriguez declined to file for writ of certiorari, and therefore the statute of limitations began to run on September 3, 2009, and expired on September 3, 2010.

     The one year statute of limitations is not a "jurisdictional bar." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000).  Thus, the court, in its discretion, may equitably toll the statute of limitations period.  See id.  However, a court can only equitably toll the statute of limitations in "rare and exceptional circumstance[s]." Id.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Diaz v. Kelly, 515 F.3d 149, 153 (2d Cir. 2008).

In his response to the court's Notice, Rodriguez first argues that his Petition is timely because he commenced the proceeding on August 25, 2010. See Mem. Supp. Tolling at 4, n. 2. Next, Rodriguez argues that the court should equitably toll the period of time between September 3, 2010 and January 21, 2010 because he can demonstrate "'due diligence' and 'actual innocence'." Mem. Supp. Tolling at 5. The government opposes equitable tolling, arguing that Rodriguez cannot demonstrate exceptional circumstances, or that he acted diligently to preserve his rights. See Gov't Supp. Mem. at 8.[1]

In support of his arguments, Rodriguez attaches two letters he received from the Clerk's Office of this court. The first attached letter, Exhibit A-2, indicates that the letter is "in response to [Rodriguez's] 2255 Motion received by this court on September 1, 2010." The letter then indicates that Rodriguez must "resubmit with filing fee or this form."[2]

The court has determined that the Clerk's Office erred in returning the Petition Rodriguez filed on September 1, 2010, because a movant is not required to submit a filing fee when filing a petition pursuant to 28 U.S.C. § 2255. See Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 3, Advisory Committee Notes ("There is no filing fee required of a movant under these rules. This . . . is done to recognize specifically the nature of a § 2255 motion as being a

---

[1] In its Supplemental Memorandum, the government asserts, without explanation, that the statute of limitations expired on June 28, 2010. See Gov't Supp. Mem. at 2. This assertion appears to be based on the date of the Second Circuit's mandate, which issued on June 29, 2009. As discussed above, however, the statute of limitations did not begin to run until September 3, 2009. See See Clay v. United States, 537 U.S. at 527; 28 U.S.C. § 2101(c). Further, in its first response, the government did not argue that Rodriguez's petition was time barred. See Gov't Resp. at 9.

[2] In addition, Rodriguez's habeas petition bears a stamp of the date "Sep 01, 2010," denoting that it was in fact received on that date. See Doc. No. 1.

4

continuation of the criminal case whose judgment is under attack."). As Rodriguez in fact properly submitted his Petition within the statute of limitations period, and the Petition was erroneously returned to him as a result of the error of the Clerk's office, Rodriguez's Petition was filed within the limitations period and is not time barred. As a result, the court will reach the merits of the Petition.

B.   Merits of Rodriguez's Petition

To obtain relief under section 2255, the petitioner must demonstrate that his "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. Such relief is an extraordinary remedy, and generally should only be granted where there exists "constitutional error, a lack of jurisdiction in the sentencing court, or an error of law that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." See Napoli v. United States, 32 F.3d 31, 35 (2d Cir. 1994) (internal quotations and citations omitted). Even constitutional error, however, will not be corrected unless it had a "substantial and injurious effect." See Underwood v. United States, 166 F.3d 84, 87 (2d Cir. 1999).

Where a petitioner procedurally defaulted his claims by failing to raise them at trial and on direct appeal, a court will only review the claims if the petitioner demonstrates cause for the default of the claim, and prejudice that resulted from the alleged violation. See Reed v. Farley, 512 U.S. 339, 354 (1994) ("Where the petitioner . . . failed properly to raise his claim on direct review, the writ is available only if the petitioner establishes 'cause' for the waiver and shows 'actual prejudice resulting from the alleged . . . violation.'") (quoting Wainwright v. Sykes, 433 U.S. 72, 84 (1977)). A petitioner may overcome a procedural default, however, by demonstrating that his

counsel's performance was constitutionally ineffective.  See Murray v. Carrier, 477 U.S. 478, 488 (1986).

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his counsel's performance "fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  See Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).  In examining such a claim, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  See id. at 689.  If the defendant fails to satisfy either prong, the court does not need to consider the other.  See id. at 697.

To establish ineffective assistance of appellate counsel, a petitioner must meet these same requirements.  See Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994).  A petitioner may not prevail in such a claim simply by showing that appellate counsel omitted a nonfrivolous argument, as counsel is not obligated to raise every possible nonfrivolous argument.  See id.  A petitioner may prevail, however, where he can demonstrate that counsel omitted a significant and obvious issue, while pursuing issues on appeal that were "clearly and significantly weaker."  See id.  In assessing an attorney's performance, a reviewing court must judge counsel's conduct "on the basis of the facts of the particular case viewed as of the time of counsel's conduct, and may not use hindsight to second-guess his strategy choices."  See id. (internal quotations and citations omitted).  The court's prejudice inquiry, however, "may be made with the benefit of hindsight."  See id. at 534.

        1.    Rule 29 Motion

Rodriguez's original Petition claims that he received ineffective assistance of counsel in that his appellate counsel failed to appeal this court's denial of his Rule 29 Motion as to Counts Two and Three. See Doc. No. 1. Rodriguez contends that the court's denial of his Rule 29 Motion was a "more promising" issue for appeal, and consequently, his counsel was constitutionally deficient in failing to raise the issue during his appeal. See Def.'s Mem. Supp. Mot. at 24.

"A defendant challenging the sufficiency of the evidence that was the basis of his conviction at trial 'bears a heavy burden.'" United States v. Hawkins, 547 F.3d 66, 70 (2d Cir. 2008). In deciding such a motion, the court must view the evidence in the light most favorable to the government, draw all inferences in favor of the government, and defer to the jury's assessment of the witnesses' credibility. See id. The jury's verdict should stand "so long as any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (emphasis in original) (internal citations omitted).

At trial, the government presented its evidence through three Stamford police officers; a cooperating witness, Kenneth Tremble, who purchased crack cocaine and a sawed-off shotgun from Rodriguez; and co-defendant, Luis Colon, who brought the sawed-off shotgun to Rodriguez's home. See Gov't's Resp. at 2. The evidence established that Rodriguez negotiated the sale of the shotgun and participated in a negotiation regarding the price of the crack cocaine. See id. at 10–11. Taken in the light most favorable to the government, this evidence is clearly sufficient for a rational trier of fact to find guilt beyond a reasonable doubt as to both counts. As a result,

Rodriguez fails to demonstrate that he was prejudiced by his attorney's failure to appeal the court's denial of his Rule 29 Motion, because there is not a reasonable probability that the proceeding would have been different, even if his attorney had raised this issue.[3]

    C.    <u>Motion to Amend</u>

A habeas petition may be amended "as provided for in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Rule 15(a)(2) provides that the court should "freely give leave [to amend] when justice so requires." Rodriguez seeks to amend his original Petition to include his claim that he was sentenced in violation of <u>United States v. Savage</u>, 542 F.2d 959 (2d Cir. 2008). In the interests of justice, the court grants leave to amend.

Rodriguez submits that all of his claims relate to his conviction and sentence, and therefore, relation back to his original Petition is appropriate.[4] <u>See</u> <u>Reply to Supp. Opp.</u> at 9. The government, however, asserts that this claim rests on a significantly different factual basis than Rodriguez's original claim, especially given that his original claim focused solely on the performance of his appellate counsel, and did not mention sentencing at all. <u>See</u> <u>Gov't's Supp. Mem.</u> at 17–18.

Pursuant to Rule 15(c) of the Federal Rules of Procedure, an amendment "relates back to the date of the original pleading when . . . the amendment asserts a

---

[3] In addition, it is not at all clear that it was objectively unreasonable for Rodriguez's attorney to omit this argument, especially in light of the fact that Rodriguez's attorney raised three separate issues on appeal. <u>See, e.g.</u>, <u>Knox v. United States</u>, 400 F.3d 519, 521 (7th Cir. 2005) ("Lawyers must curtail the number of issues they present, not only because briefs are limited in length but also because the more issues a brief presents the less attention each receives, and thin presentation may submerge or forfeit a point.").

[4] As explained above, the statute of limitations expired on September 3, 2010. Rodriguez filed his Motion to Amend on May 16, 2011. <u>See</u> Doc. No. 5. Consequently, unless the amended claim relates back to Rodriguez's original Petition, his amended claim is time barred.

claim . . . that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading." In determining whether to allow an amendment of a habeas petition to relate back to the original petition, a court must determine whether the proposed new claims are "tied to a common core of operative facts" from the original petition. See Mayle v. Felix, 545 U.S. 644, 663 (2005). It is not enough that the proposed amended claim "relate to the same trial, conviction, or sentence as a timely filed claim," as Congress enacted the one year statute of limitations period to provide finality to criminal convictions; allowing such a broad standard for relation back would give little significance to that limitation period. See id. at 662.

Rodriguez's original Petition focused solely on the actions of his appellate attorney. See Doc. No. 1. In contrast, Rodriguez's proposed amended claim focuses on the actions of his trial counsel at sentencing. See Doc. No. 5. The court has serious questions regarding whether the amended claims are such that they relate back to the original Petition. Because the court finds that Rodriguez's amended claim fails on the merits, however, the court will assume that the claim should relate back to the original Petition. See, e.g., Pough v. United States, 442 F.3d 959, 965 (6th Cir. 2006) ("We may instead proceed directly to the merits of Pough's case, which can be resolved in a straightforward manner and will also result in the denial of his motion.").

Allowing Rodriguez's amended claims to relate back to his original Petition, Rodriguez's Savage claims would fail because he cannot demonstrate that his counsel's failure to challenge his predicate offenses was prejudicial. In order to apply a sentencing enhancement pursuant to U.S.S.G. § 4B1.1, the government must establish that the defendant "has at least two prior felony convictions of either a crime of violence

9

or a controlled substance offense." See U.S.S.G. § 4B1.1.  As has been established, Conn. Gen. Stat. § 21a-277 criminalizes more conduct than federal law.  See United States v. Savage, 542 F.2d 959, 966 (2d Cir. 2008).  Consequently, when applying a sentencing enhancement under U.S.S.G. § 4B1.1 to a defendant who has pled guilty to a violation of this statute, the government must show "that the plea 'necessarily' rested on the fact identifying the conviction as a predicate offense."  See id.  In meeting this burden, the government may rely on "(i) proof that the defendant admitted to predicate conduct when confirming the factual basis for a valid plea; [or] (ii) proof that the charge was narrowed to include only predicate conduct."  See id.  Similarly, to sentence a defendant under the Armed Career Criminal Act, the government must establish that the defendant "has three previous convictions . . . for a violent felony or a serious drug offense."  See 18 U.S.C. § 924(e).  When applying this enhancement, the court is "generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."  See Shepard v. United States, 544 U.S. 13, 16 (2005).

      The government contends that Rodriguez cannot demonstrate that he was prejudiced by his attorney's failure to challenge his predicate offenses pursuant to Savage, because, at the time of his sentencing, Rodriguez had sustained at least four convictions that qualify as both "controlled substance offenses," pursuant to U.S.S.G. § 4B1.2, and "serious drug offenses," pursuant to 18 U.S.C. § 924(e).  See Gov't's Supp. Mem. at 12.  The court agrees.

First, on August 31, 1999, Rodriguez pled guilty to one count of possession with intent to sell a hallucinogen or narcotic substance, in violation of section 21a-277a. See Gov't's Supp. Mem., Ex. A. During the plea colloquy, Rodriguez confirmed that he had provided marijuana to a drug customer, and that police had seized 29.6 grams of marijuana from Rodriguez. See Gov't's Supp. Mem., Ex. B at 3. On June 5, 2001, Rodriguez sustained two additional convictions. In the first, Rodriguez pled guilty to Conn. Gen. Stat. § 21a-277(b), based on his possession with the intent to distribute twenty-two baggies of marijuana. See Gov't's Supp. Mem., Ex. C at 2–3. In the second, Rodriguez pled guilty to Conn. Gen. Stat. § 21a-277(b) on the basis of his actual sale of narcotics to a drug customer, and the police's seizure of six pieces of crack cocaine from his person. See id. at 3. Finally, on July 7, 2005, Rodriguez entered a guilty plea to one count of conspiracy to possess with intent to distribute and to distribute PCP, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). See Gov't's Supp. Mem., Ex. D. Consequently, it is clear that Rodriguez's predicate offenses qualify under the Savage doctrine. As a result, Rodriguez cannot demonstrate that he was prejudiced by his counsel's failure to contest these predicate offenses at his sentencing.

## V.   CONCLUSION

For the foregoing reasons, Rodriguez's Motion for Leave to Amend (Doc. No. 5) is **granted**, but his Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **denied**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 26th day of January, 2012.

      /s/ Janet C. Hall
Janet C. Hall
United States District Judge